UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES MATHIEU,  
   Plaintiff,

vs.

CITY OF CINCINNATI  
POLICE IMPOUND,  
   Defendant.

Case No. 1:22-cv-252  
Hopkins, J.  
Litkovitz, M.J.

REPORT AND  
RECOMMENDATION

Plaintiff, proceeding pro se, brings this action against defendant seeking an "[i]mmediate Court-ordered release of my vehicle unto me without any towing or storing fees pending trial of the events resulting in the impounding of my vehicle." (Doc. 3 at PAGEID 19). Plaintiff alleges defendant impounded his vehicle on April 28, 2022 following the issuance of a county warrant on April 15, 2022. (*Id*. at PAGEID 18). Plaintiff alleges he attempted to retrieve his vehicle, but defendant refused because his vehicle was not registered. (*Id*.). Plaintiff alleges defendant's refusal to release his vehicle is depriving him of "substantive rights" and "endangering" his life. (*Id*.).

On November 17, 2022, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (Doc. 18). The Court sent plaintiff a notice on November 18, 2022, advising plaintiff that his failure to file a response to the motion within 21 days of the date of service may warrant dismissal of his case under Fed. R. Civ. P. 41(b) for failure to prosecute. (Doc. 19). On April 17, 2023, the Court issued an Order to plaintiff to show cause, in writing and within fifteen days of the date of its Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 22). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id*.). To date, more than 15 days later, plaintiff has not filed a

response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).  Plaintiff's failure to respond to the Order to Show Cause (Doc. 22) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 5/8/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES MATHIEU,                             Case No. 1:22-cv-252
    Plaintiff,                                 Hopkins, J.
                                           Litkovitz, M.J.

vs.

CITY OF CINCINNATI
POLICE IMPOUND,
    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).